IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL GARCIA,

    Plaintiff,

v.                                                                        CV 15-43 PJK/WPL

GARCIA'S ENTERPRISES, INC.,

    Defendant.

**ORDER**

Randall Garcia filed suit for sexual harassment and retaliation against his former employer, Garcia's Enterprises, Inc. ("GEI.") I placed this case on a standard six month discovery track, with discovery to terminate on September 29, 2015. (Doc. 16.) At the request of the parties, I also scheduled a settlement conference for September 29, 2015. (Docs. 21 & 22.) Although his attorney appeared, Garcia did not appear for the settlement conference. (Doc. 30.) This has led to a flurry of motions that I must resolve.

Two of the motions address the same issues. Garcia has filed a Motion to Extend Discovery Deadlines. (Doc. 33.) Garcia claims that he "has not had the opportunity" to take the depositions of GEI's employees before the discovery deadline. (Doc. 33 at 1.) He also claims that he sent discovery requests to GEI before the deadline, and that GEI's attorney informed him that GEI would not respond to the discovery requests.

GEI filed a response opposing Garcia's motion, and also filed a Motion for Protective Order, which seeks protection from having to respond to Garcia's discovery requests served on

September 21, 2015. (Docs. 34 & 37.) Garcia did not file a response to GEI's motion for protective order.

To modify the Scheduling Order, Garcia must show good cause for the modification. Fed.R.Civ.P. 16(b)(4). To show good cause, Garcia must establish that the deadlines set in the Scheduling Order could not have been met with diligent efforts. *Gorsuch, LTD. v. Wells Fargo Nat'l Bank*, 771 F.3d 1230, 1240 (10th Cir. 2014). Garcia gives no explanation for why he could not schedule the depositions before the discovery deadline or send the discovery requests timely. Further, the Scheduling Order I entered specifically states that service of interrogatories "shall be considered timely only if the responses are due prior to the deadline." (Doc. 16.) Because he has failed to show good cause, I will deny Garcia's motion to extend the discovery deadlines and will grant GEI's motion for protective order to protect it from having to respond to Garcia's untimely discovery requests.

GEI has also filed a motion to compel Garcia to attend a settlement conference, and for sanctions for Garcia's failure to attend the settlement conference on September 29, 2015. (Doc. 36.) Garcia has failed to respond to this motion.

Concerning the first issue, the parties have agreed to participate in a settlement conference to be held on January 19, 2016, and I have entered an order setting that settlement conference. (Doc. 35.) Garcia is hereby notified that, should he fail to appear for a second settlement conference, significant sanctions could be imposed against him, including dismissal of his case.

GEI also seeks to recover the costs incurred in connection with the vacated September 29, 2015 settlement conference. It seeks costs incurred by Vicki Garcia-Golden, its designated representative, to attend the September 29, 2015 settlement conference. Ms. Garcia-Golden lives

in San Diego, California, and incurred costs of $731.00 for airfare and $317.14 for lodging. GEI also seeks to recover its attorney's fees for the aborted settlement conference. Pursuant to the Local Rules of this District, Garcia's failure to respond to the motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). Further, because neither Garcia nor his attorney notified GEI that Garcia would not appear for the settlement conference, it is appropriate that Garcia or his attorney reimburse GEI for the costs incurred by Ms. Garcia-Golden to attend the settlement conference and for GEI's attorney's fees. No later than November 23, 2015, GEI's counsel shall submit an affidavit outlining the attorney's fees GEI seeks to recover for preparing for and attending the settlement conference. Garcia will show cause no later than December 3, 2015, why he or his attorney should not be required to pay GEI's attorney's fees related to the settlement conference.

Therefore:

1. Garcia's Motion to Extend Discovery is denied.

2. GEI's Motion for Protective Order is granted.

3. GEI's Motion for Sanctions is granted. Garcia or his attorney shall pay GEI $1,048.14 for the costs incurred by GEI's representative to attend the September 29, 2015 settlement conference. GEI's request for attorney's fees will be handled as outlined above.

IT IS SO ORDERED.

                                                                                       _____
                                                                                       William P. Lynch
                                                                                       United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.