IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL GARCIA,

       Plaintiff,

v.                                                          CV 15-43 PJK/WPL

GARCIA'S ENTERPRISES, INC.,

       Defendant.

## ORDER

Garcia's Enterprises, Inc. ("GEI"), filed a Motion to Compel Discovery. (Doc. 27.) Garcia did not respond to the motion. GEI requests three things: (1) an Order pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) requiring Garcia to fully and completely respond to its First Interrogatories; (2) permission to propound additional written discovery beyond the current discovery deadline of September 29, 2015; and (3) reasonable attorney's fees related to the filing of the motion as a sanction pursuant to Federal Rule of Civil Procedure 37(a)(5) for Garcia's failure to respond to GEI's emailed letter regarding Garcia's discovery answers. (*See* Doc. 27 Ex. A.) Pursuant to D.N.M.LR-Civ. 7.1(b), the failure to respond to a motion constitutes consent to grant the motion.

Upon reviewing the motion, the record, and the relevant law, I grant the motion to compel to the extent that Garcia must provide full and complete answers to the First Interrogatories and Requests for Production, grant GEI's request for an extension of the discovery deadline, and defer judgment on GEI's request for attorney's fees.

GEI served by mail its First Interrogatories and Requests for Production on Garcia on July 8, 2015. (*See* Doc. 27.) Garcia's response was due on August 10, 2015, but he failed to

comply. *Id.* GEI inquired about the status of Garcia's response on August 17, 2015, and August 24, 2015. *Id.* GEI then emailed a letter on August 28, 2015, stating it would file a motion to compel if the responses were not received by August 31, 2015. *Id.* GEI did not receive the responses and filed a Motion to Compel on September 2, 2015. *Id.*

To date, Garcia has not filed a response. By failing to respond in a timely manner, Garcia has waived any objections. *See* D.N.M.LR-Civ. 7.1(b). Garcia is ordered to comply with GEI's discovery requests and tender appropriate responses by **November 23, 2015**.

Had Garcia responded in a timely fashion, GEI would have had time to send additional discovery requests before the close of discovery on September 29, 2015. Therefore, I grant GEI's request and extend the discovery deadline for GEI to serve additional written discovery until **December 30, 2015**.

GEI also requests an Order granting attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5) for the time GEI's counsel spent on the motion to compel. GEI asserts that it attempted to confer in good faith with Garcia by letter sent via email regarding the discovery answers, yet Garcia's counsel failed to respond.

> Pursuant to Rule 37(a)(5)(A), if a motion is granted, the Court
>
> must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

No later than **November 23, 2015**, GEI counsel shall submit an affidavit outlining the attorney's fees GEI seeks to recover for filing its motion to compel. Garcia will show cause no later than

**December 3, 2015**, why he or his attorney shall not be required to pay GEI's attorney's fees related to the motion to compel.

    IT IS SO ORDERED.

                                              */s/ William P. Lynch*
                                              William P. Lynch
                                              United States Magistrate Judge