IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL GARCIA,

    Plaintiff,

v.                                                        CV 15-43 PJK/WPL

GARCIA'S ENTERPRISES, INC.,

    Defendant.

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

Because Randall Garcia failed to attend the settlement conference scheduled for September 29, 2015, Garcia Enterprises, Inc.'s (GEI) attorney, Lorna Wiggins, has filed an Affidavit for Attorneys' Fees and Costs (Doc. 41) as directed by the Order that I issued on November 12, 2015 (Doc. 38). Mr. Garcia, through counsel, filed an Answer to the Order to Show Cause. (Doc. 42.) In his Answer, Mr. Garcia admits that his counsel gave him adequate notice to attend the settlement conference, and that he took full responsibility for his failure to attend the settlement conference. (Doc. 42-3.) GEI requests that I award $3,224.74 as the attorneys' fees and expenses incurred as a result of the cancelled settlement conference.

The Tenth Circuit announced a lodestar method for calculating reasonable attorney's fees in *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998). The *Robinson* court discussed awarding attorney's fees under 42 U.S.C. § 1988 for proceedings in vindication of civil rights. Section 1988 allows the court to award a prevailing party its reasonable attorney's fees for an action under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and several other federal civil rights statutes. Other courts have applied the *Robinson* calculation to an award of attorney's fees under Rule 37. *See, e.g.*, *Rogers v. Bank of America, N.A.*, Civil Action No. 13-1333-CM-TJJ,

2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014) (unpublished); *Arnold v. Wells Fargo Bank, N.A.*, Civil Action No. 09-cv-00897-PAB-BNB, 2010 WL 148270, at *1 (D. Colo. Jan. 11, 2010) (unpublished); *Bat v. A.G. Edwards & Sons, Inc.*, No. 04-CV-02225-REB-BNB, 2006 WL 446078, at *2 (D. Colo. Feb. 21, 2006) (unpublished).

Under *Robinson*, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" 160 F.3d at 1281. The lodestar calculation has two components: 1) whether the hours claimed were necessary, and 2) whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The claimant is responsible for submitting evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may reduce the award if the evidence provided is inadequate to justify the hours or rates claimed. *Id.*

In her Affidavit, Ms. Wiggins stated that her law firm expended 12.4 hours of attorneys' time and 4.95 hours of paralegal time, for a total of 17.35 hours, preparing for, attending and objecting to Mr. Garcia's failure to attend the settlement conference. Mr. Garcia does not contest the number of hours claimed, and I find that Ms. Wiggins' firm reasonably expended these hours related to the canceled settlement conference.

The second issue under the lodestar method is whether the hourly rate charged is the prevailing market rate in the community. Ms. Wiggins stated that she charges $225 per hour, Paula Forney, another attorney who assisted with the case, charges $195 per hour, and that the firm charges $75 per hour for the paralegal who worked on the case. Ms. Wiggins included

information about education and professional experience of the attorneys and paralegal and how the rates compared to the prevailing market rate for similarly situated attorneys and paralegals. Mr. Garcia did not contest the hourly rates claimed, and I find that the hourly rates set out in Ms. Wiggins' Affidavit are reasonable.

Accordingly, I find that GEI is entitled to $3,224.74 for attorneys' fees and expenses for Mr. Garcia's failure to attend the settlement conference.[1]

This case is set for a settlement conference on January 19, 2016. If the case does not settle at that conference, by February 2, 2016, Mr. Garcia shall pay the sum of $4,272.88 to GEI for its attorneys' fees and costs reasonably associated with the canceled settlement conference.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

---

[1] This sum is in addition to the costs of $1,048.14 incurred by GEI's representative to attend the settlement conference that I have already ordered must be paid. (Doc. 38.)

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.